

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

In re:                                :
                                      :
BALLA MOUSSA KEITA                    :    Case No. 12-19970PM
                                      :    Chapter 13
        Debtor                        :
- - - - - - - - - - - - - - - - - - - :

## MEMORANDUM AND ORDER

This case came before the court on December 4, 2012, for hearing on confirmation of Debtor's Plan and the Motion To Dismiss Chapter 13 Case filed by RevitaLending LLC ("Revital"). Revital and Deutsche Bank National Trust Company, Trustee on behalf of OneWest Bank, FSB ("OneWest"), filed objections to confirmation. For the reasons set forth, the court will deny confirmation of Debtor's Plan with leave to amend, and deny the Motion To Dismiss.

Debtor filed a prior bankruptcy case under Chapter 7 on February 2, 2010, Case No. 10-12289-TJC. In that case he scheduled personal property aggregating $6,547.00, no real property interests, and liabilities aggregating $339,513.37. Among the debts that were discharged in that case by Order of July 16, 2010, was a deficiency balance owed to IndyMac Bank, the predecessor in interest to OneWest, which had held a junior mortgage on Debtor's real property known as 4008 Barnsley Lane, Olney MD ("Barnsley Lane"). As the senior mortgagee, Branch Banking and Trust Co., had foreclosed on Barnsley Lane prior to the commencement of that case, OneWest's claim was unsecured as of the commencement of that case and Debtor's discharge relieved him from any personal liability thereon. The court therefore finds that OneWest has no standing in the instant Chapter 13 case, and its Objection to confirmation is overruled.

As explained by the Supreme Court, "[t]he principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286-287 (1991). Debtor is a poster child for this maxim. In less than a year after his discharge in the 2010 case, he and Danielle Keita acquired sufficient funds to purchase the property at 13111 Piney Meetinghouse Road, Potomac, Maryland, on or about May 19, 2011, for $1,515,000.00 (according to the records of the Maryland Department of Assessments and Taxation), subject only to a deed of trust securing a purchase money note given to Revital in the original principal amount of $650,000.00. Debtor raised nearly $1 million in order to do so, a remarkable achievement.

However, an issue presented by Revital's Motion To Dismiss is whether the court may confirm a Chapter 13 plan that provides for the payment of a note that matured by its own terms prepetition. Revital argues that this provision violates 11 U.S.C. § 1322(b)(2), barring modification of a claim secured only by Debtor's principal residence. The court notes that the issue presented, involving a note that has matured prepetition, is distinguished from those cases where the maturity was accelerated by the lender and the debtor seeks to reinstate the note and cure the default in the course of a Chapter 13 plan. If Revital is correct, the Plan is unconfirmable. Debtor urges to the contrary, namely, that his Plan providing for 60 monthly payments of $13,406.00 will pay the Revital claim in full and thus satisfies the requirements of 11 U.S.C. § 1325.[1]

Prior to 1994, most decisions supported the position presented by Revital's Motion To Dismiss. *See Estate of Pasteur*, 172 B.R. 533, 535 (M.D N.C. 1993) ( "the parties originally contracted that the debt would be paid in full in 1991. Thus . . . Mr. Burton's plan is a modification of the Estate's rights."), *aff'd,* 35 F.3d 555 (1994); *In re Seidel*, 752 F.2d 1382, 1383 (CA9 1985)("Seidel's plan 'modifies' his creditor's rights . . . the cure provisions . . . are inapplicable when a debt has reached its maturity date in the absence of acceleration, prior to the filing of the Chapter 13 petition."). Numerous courts ruled to the contrary, namely, that curing a default in a fully matured loan is a modification precluded by §1322(b)(2) and not authorized by §1322(b)(3) *Matter of Eason*, 207 B.R. 238, 239 (N.D. Ala. 1996)("to allow Eason to pay the balloon payment [on a fully matured loan] would be an impermissible modification . . . .") *In re*

---

[1] While Debtor schedules the subject property at $1,500,000.00 and lists Revital's claim at $650,000.00, he has yet to file an objection to Revital's proof of claim filed July 31, 2012, in the sum of $717,410.16.

*Halley*, 70 B.R. 283, 285 (E.D.Pa.1987)("Judge King found that the plan could not propose to cure the delinquency and provide for the mortgage because the mortgage had long since expired by its non-accelerated terms and was past due at the time the plan was filed. See 11 U.S.C. § 1322(b)(2). Because he did not have authority to extend the terms of the mortgage agreement, Judge King found 'cause' pursuant to § 362(d) to vacate the stay."); *In re Fuentes,* 167 B.R. 901, 902 (BC E.D.Mo.1994)("Here the Debtor is not attempting to restore the status quo, but is trying to create a new payment schedule for the fully matured balance of the Note. Such an action modifies the rights of the Creditor and is therefore prohibited under § 1322(b)(2)."); *In re Manocchia*, 157 B.R. 45, 46 (BC R.I. 1993)(". . . Debtor's plan proposes a modification ...."; *In re Baxter*, 155 B.R. 285, 288 (BC Mass.1993); *In re Gianguzzi,* 145 B.R. 792, 793–94 (BC S.D.N.Y.1992) ("The Chapter 13 debtors may not stretch out for five years under their plan the payment due under the mortgage in question, which was fully matured by its terms before the debtors filed their Chapter 13 plan."); *In re Amerson*, 143 B.R. 413, 418–19 (BC S.D.Miss.1992); *In re La Brada*, 132 B.R. 512, 515–16 (BC E.D.N.Y.1991) ("debtors may not modify the mortgagee's fully matured mortgage . . . ."); *In re Witomski*, 126 B.R. 205, 207 (BC.Md.1990) ("A number of courts which have considered the question have held that the postponement of payment of the secured debt beyond the time originally contemplated by the parties amounts to an impermissible modification . . . ."); *In re Cooper*, 98 B.R. 294, 299 (BCW.D.Mich.1989); and *In re Davis*, 91 B.R. 477, 480–81 (BC N.D.Ill.1988). *See also* Tim A. Thomas, Annotation, *Bankruptcy*: *Chapter 13 plan delaying payment of unaccelerated matured residential debt as improper modification of creditor's rights under U.S.C.A. §1322(b)(2). Cf. In re Dochniak*, 96 B.R. 100 (BC W.D. Ky. 1988).

    Following 1994, the pendulum swung, with courts ruling that mortgage notes fully matured prior to a debtor's bankruptcy filing may be paid within the purview of § 1322(c)(2). *In re Witt,* 113 F.3d 508, 514 (CA4 1997) ("[T]he obvious purpose of §1322(c)(2) was to serve as an antidote for the theory that §1322(b)(2) barred the cure of a residential mortgage which matured prepetition", *citing In re Watson* 190 B.R. 32 (BC E.D.Pa.1995); *In re Kelly*, 283 B.R. 808, 810 (BC M.D.Fla.2002)(" a debtor in a chapter 13 may deal with a fully matured mortgage provided the mortgage is fully paid off and satisfied before the last payment on the mortgage under the confirmed Chapter 13 Plan is due."); *In re Padgett*, 273 B.R. 277, 279 (BC M.D.Fla.2001); *In re Nepil*, 206 B.R. 72, 76 (BC N.J.1997); *In re Lobue*, 189 B.R. 216 (BC S.D.Fla.1995); *In re Chang*, 185 B.R. 50 (BC N.D.Ill.1995) ("The new provision, by specifically

permitting cure under § 1322(b)(3), notwithstanding § 1322(b)(2), implicitly overrules cases such as *Seidel v. Larson (In re Seidel),* 752 F.2d 1382 (9th Cir.1985), which held that a debtor could not cure a fully matured mortgage because such a cure would be a modification prohibited by § 1322(b)(2).") ; *In re Jones*, 188 B.R. 281 (BC Or.1995)("this court concludes that the *Seidel* holding has been overruled by the language of § 1322(c)(2). However, the debtor will be required to provide for full payment of the obligation during the life of the plan, which may not extend beyond five years.") ; *In re Escue*, 184 B.R. 287, 292-3 (BC M.D.Tenn.1995)("this Court concludes, that based upon the legislative history, the stated objectives of Chapter 13, and Congress' preference for a Chapter 13 filing rather than an Chapter 7, that Congress intended to allow debtors to cure a mortgage indebtedness which mature or ballooned prepetition by providing for full payment of to the mortgager over the life of the Chapter 13 Plan.").

     All the petitions in the earlier cases espousing the position of Revital, including *Eason,* were filed prior to the general effective date of the Bankruptcy Reform Act of 1994 (Pub. L. No. 103-394).  That enactment revised §1322 so that the statute now provides in relevant part:

> **11 USC § 1322 - Contents of plan**
>
> . . .
> . . .
> (c)  Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
>> . . .
>> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325 (a)(5) of this title.

As the Fourth Circuit opined in *In re Witt*, 113 F.3d 508, 514 (CA4 1997), in this enactment Congress provided substantial relief to debtors faced with a situation where a mortgage had matured prepetition.  Clearly, § 1322(c)(2) creates an exception to § 1322(b)(2) and now permits the treatment of Revital's claim as proposed by Debtor.

     Accordingly, provided that all other requirements of 11 U.S.C. § 1325 are met, Debtor may succeed in his confirmation efforts as to his provision for the Revital claim.  For the time being, Revital's Objection To Confirmation of Chapter 13 Plan is overruled and its Motion To Dismiss is denied, both rulings being without prejudice to any issues that are not decided herein.

Nothing herein shall be construed as a finding that Debtor's Plan is feasible or that it complies with the other requirements for confirmation. Those matters will be taken up at a confirmation hearing to be held on February 26, 2013, at 2:00 p.m. should Debtor file a timely amended Plan.

It is so ordered.

cc:
Debtor
Debtor's Counsel
RevitaLending, LLC c/o John E. Tsikerdanos, Esq.
United States Trustee
Timothy Branigan, Chapter 13 Trustee
Roger Schlossberg, Chapter 7 Trustee, Case No. 10-12289-TJC
Deutsche Bank National Trust Company, Trustee c/o Michael T. Cantrell, Esq.

**END OF MEMORANDUM AND ORDER**